UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEON VILLEGAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. MCLEAN, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-01216-WHO (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 20 |

## INTRODUCTION

Plaintiff Jesse Leon Villegas alleges that prison guards McLean and Barton used excessive force on him in violation of the Eighth Amendment. Defendants McLean and Barton move for summary judgment on grounds that Villegas failed to exhaust his claims before filing suit.[1] The undisputed material facts show that Villegas did not file a timely grievance in which he raised claims of excessive force and so did not properly exhaust his claims. Defendants' motion for summary judgment is GRANTED.

## FACTUAL BACKGROUND

In December 2015 at San Quentin State Prison, Villegas attacked defendant McLean, a prison guard who was escorting Villegas. (Mot. for Summ. J. ("MSJ"), Mackie

---

[1] Defendants provided Villegas with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). (Dkt. No. 20-3.)

Decl., Dkt. No. 20-1 at 6, 8, 18.) Defendant Barton, another prison guard, intervened and assisted McLean in subduing Villegas. (*Id.*) McLean filed a report regarding the incident. Villegas was charged and was found guilty following a prison disciplinary hearing on the charge of battery on a peace officer. (*Id.* at 6, 18.) He appealed because he was not allowed to present evidence in his defense. (*Id.*, Dahl Decl. 20-2 at 8.) His appeal was granted and a second hearing was held. Villegas was again found guilty of battery on defendant McLean at the second hearing. (*Id.*, Mackie Decl., Dkt. No. 20-1 at 6, 19.)

Villegas said nothing about excessive force in his appeal. (*Id.*, Dahl Decl., Dkt. No. 20-2 at 8.) Instead, he alleged that he was not "allowed to present evidence in my defense" at the disciplinary hearing and that defendants falsified their reports. (*Id.*) There is no description of the actions taken by defendants during the escort in December 2015, let alone that they used excessive force. (*Id.*)

In March 2017, after this lawsuit was begun, Villegas filed a grievance in which he alleged he was assaulted by defendants during the escort in question. (*Id.* at 3, 40.) The grievance was cancelled as untimely, a result that Villegas did not seek to overturn. (*Id.* at 3, 44.)

**STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the

2

moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

## DISCUSSION

Villegas claims in this lawsuit that defendants used excessive force. Defendants assert that because Villegas's prison grievance contained no such allegations, he failed to exhaust his administrative remedies for this claim. Villegas counters that he made numerous complaints to various prison staff, thereby putting defendants on notice of his claims. (Pl.'s Opp. to MSJ, Villegas Decl., Dkt. No. 22 at 1-2.) He also contends that his grievance raised excessive force claims by implication. (*Id.* at 2.)

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act ("PLRA"). *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-1858 (2016).

3

Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (i) informal review, submitted on a CDC 602 inmate appeal form; (ii) first formal-level appeal, to an institution appeals coordinator; (iii) second formal-level appeal, to the institution's warden; and (iv) third formal level appeal, to the Director of the CDCR. *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A prisoner exhausts the appeal process when he completes the third level of review. 15 CCR § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

The regulations require that an inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). For example, in a grievance the prisoner must "describe the specific issue under appeal and the relief requested." 15 CCR § 3084.2(a). He or she "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form." *Id.*, § 3084.2(a)(4). Furthermore, the appeal must name "all staff member(s) involved" and "describe their involvement in the issue." *Id.*, § 3084.2(a)(3).

Applying the law concerning administrative exhaustion, it is clear that Villegas failed to exhaust his administrative remedies. His sole grievance regarding the escort in December 2015 raises claims that he was denied the opportunity to present evidence and that defendants falsified their reports. There is no description of any physical action taken by McLean or Barton, nor anything that would indicate that the force they used was excessive. His grievance was not sufficiently detailed on this point to alert the prison as to

4

the nature of the wrong for which redress is sought here, as required by the regulations. Accordingly, summary judgment must be granted in defendants' favor.

Villegas's later grievance does not satisfy the exhaustion requirement. It was filed after the present civil rights action was filed, and grievances must be filed prior to bringing suit. 42 U.S.C. § 1997e(a). Further, the grievance was cancelled as untimely and Villegas did not attempt to overturn that result. The filing of an untimely grievance or appeal is not proper exhaustion. *See Woodford*, 548 U.S. at 83-84.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. No. 20) is GRANTED. The Clerk shall terminate Dkt. No. 20, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 1, 2018



WILLIAM H. ORRICK
United States District Judge